2010 OK CIV APP 134

**Jack Grover FREEMAN,
Plaintiff/Appellant,**

v.

**Hon. Brad HENRY and Justin Jones,
Director, Defendants/Appellees.**

No. 107,645.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Sept. 10, 2010.

Certiorari Denied Nov. 8, 2010.

Lawrence A.G. Johnson, Tulsa, OK, for Appellant.

John D. Hadden, Assistant Attorney General, Oklahoma City, OK, for Appellees.

LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiff/Appellant Jack Grover Freeman (Plaintiff) seeks review of the trial court's order granting the motion to dismiss of Defendants/Appellees the Honorable Brad Henry, Governor of the State of Oklahoma, and Justin Jones, Director of the Oklahoma Department of Corrections (Defendants) on Plaintiff's constitutional challenge to the Oklahoma Sex Offenders Registration Act, 57

O.S.2001 § 581, et seq. (OSORA). Plaintiff asserts OSORA is unconstitutional as applied to him, and complains the trial court erred in dismissing his action.

¶ 2 According to his petition: Plaintiff was convicted of sexual offenses in 1982 and 1985; Plaintiff has been a resident of Oklahoma since 1987; and he was threatened with prosecution if he failed to register as a sex offender under OSORA. In August 2009, Plaintiff commenced the instant "action for declaratory judgment adjudicating [OSORA] unconstitutional as it applies to [him] ... together with equitable relief ... of [a] mandatory injunction directing that his name and identity be stricken from all public records."

¶ 3 Defendants filed a motion to dismiss. Defendants first asserted Governor Henry—having no part in OSORA's enforcement—was not a necessary or proper party. Defendants also asserted OSORA was not unconstitutionally retroactive or violative of equal protection guarantees. Defendants lastly asserted that, because Plaintiff could not succeed on the merits of his constitutional challenges, he was not entitled to injunctive relief.

¶ 4 Plaintiff responded. Plaintiff argued that, because both of his convictions predated enactment of OSORA, and because the OSORA registration requirements imposed an additional penalty for sex crimes that did not exist at the time of his convictions, application of the OSORA registration requirements to him violated the ex post facto proscriptions of the United States Constitution, Art. 1, § 10, cl. 1, and the Oklahoma Constitution, Art. 2, § 15.

¶ 5 Upon consideration of the submissions, the trial court granted Defendants' motion to dismiss. Plaintiff appeals, and the matter stands submitted on the trial court record.[1]

¶ 6 The ex post facto "constitutional inhibitions have reference only to punishment for crime." *Skinner v. State ex rel. Williamson,* 1941 OK 60, ¶ 9, 115 P.2d 123, 125. "To fall within the ex post facto prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997). (Citations omitted.) "To determine whether the retroactive application of a statute violates the Ex Post Facto Clause, a court must decide whether the statute is civil or criminal in nature." *U.S. v. Hinckley,* 550 F.3d 926, 937 (10th Cir.2008).[2] If the statute is determined to be predominantly civil in nature, there is no violation of the ex post facto prohibition. *Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

¶ 7 "Whether a statutory scheme is civil or criminal 'is first of all a question of statutory construction.'" *Smith,* 538 U.S. at 92, 123 S.Ct. at 1147. Issues of statutory construction present questions of law, which we review *de novo. See, e.g., Stump v. Cheek,* 2007 OK 97, ¶ 9, 179 P.3d 606, 609.

¶ 8 Enacted in 1994, the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, 42 U.S.C. § 14071, et seq., "conditions certain federal law enforcement funding on the States' adoption of sex offender registration laws and sets minimum standards for state programs." *Smith,* 538 U.S. at 89, 123 S.Ct. at 1143. "By 1996, every State, the District of Columbia, and the Federal Government had enacted some" type of sex offender registration act. *Id.*

¶ 9 In *Smith,* the United States Supreme Court examined the Alaska Sex Offender Registration Act, and recognized that state's creation of a nonpunitive, civil regulatory scheme which did not violate the Ex Post Facto Clause. 538 U.S. at 105–106, 123 S.Ct. at 1154. In *Hinckley,* the 10th Circuit Court of Appeals examined the federal act, and recognized the creation of "a civil retroactive registration scheme" which did not "increase punishment for acts committed prior to [its] effective date," and did not violate the Ex Post Facto Clause. 550 F.3d at 938.

---

1. *See,* Rule 4(m), Rules for District Courts, 12 O.S. Supp.2002, Ch. 2, App., and Ok.S.Ct.R. 1.36, 12 O.S. Supp.2003, Ch. 15, App.

2. Certiorari denied, —— U.S. ——, 129 S.Ct. 2383, 173 L.Ed.2d 1301.

**1260**

¶ 10 So guided, we have examined OSORA. Like its federal counterpart, OSORA was enacted to protect the people of this state and supports "Congress's intention that it operate as a civil regulatory scheme designed to protect the general public welfare." *Hinckley*, 550 F.3d at 938; 57 O.S. § 581(B).[3] OSORA imposes no "affirmative disability or restraint." *Smith*, 538 U.S. at 99, 123 S.Ct. at 1151. The registration requirements of OSORA do "not increase punishment for acts committed prior to [its] effective date." *Hinckley*, 550 F.3d at 938.

¶ 11 We therefore hold OSORA represents a civil regulatory scheme which does not violate the ex post facto proscriptions of either the United States or Oklahoma Constitutions.[4] The order of the trial court is AFFIRMED.

BELL, V.C.J., and MITCHELL, J., concur.

3. "The Legislature finds that sex offenders who commit other predatory acts against children and persons who prey on others as a result of mental illness pose a high risk of re-offending after release from custody. The Legislature further finds that the privacy interest of persons adjudicated guilty of these crimes is less important than the state's interest in public safety. The Legislature additionally finds that a system of registration will permit law enforcement officials to identify and alert the public when necessary for protecting the public safety."

4. Having so held, we need not address the question of proper party-defendants.